IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| J.P. WASHINGTON | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv206 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION

Petitioner J.P. Washington, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed this petition for writ of habeas pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

## Factual Background

On January 23, 2013, petitioner was notified that be was being charged with the prison disciplinary offense of assaulting an officer. Following a disciplinary hearing on February 5, petitioner was convicted of the offense with which he was charged. He received the following punishment: (a) loss of recreation and commissary privileges for 45 days; (b) loss of contact visits for 120 days; (c) placement in solitary confinement for one day; (d) reduction to a classification at which he will earn fewer days of good conduct time credits and (e) forfeiture of 90 days of previously earned good conduct time credits.

## Grounds for Review

Petitioner asserts the following grounds for review: (a) his disciplinary hearing was unreasonably delayed; (b) there was insufficient evidence to support the conviction; (c) he was not permitted to call Rhonda Blanton to testify at the hearing and (d) proper procedure was not followed.

Analysis

Prison inmates who lose previously earned good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges brought against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 563-66.

In addition, there must have been "some evidence" to support the petitioner's conviction. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1983). The result of a prison disciplinary proceeding will be overturned by a federal court "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

"Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The

information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. *Id*. at 536-37 (citing *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999)) (information contained in a conduct report is alone "some evidence" of guilt).

*Unreasonable Delay*

Petitioner states he was accused of committing a disciplinary offense on January 13, 2013. However, the charging officer waited nine days before writing an offense report against petitioner. He did not receive a copy of the offense report until January 23, and the disciplinary hearing was not held until February 5. He states the delays he experienced exceeded the time limits established by institutional rules. He states that as a result of the delay, he was not able to call Officer Blanton to testify on his behalf because by the time the hearing was held she had resigned her position as a correctional officer.

The delay petitioner experienced did not violate any of the procedural protections described in *Wolff* and listed above. Even if it assumed that the delay violated institutional rules, this does not provide petitioner with a basis for relief in this proceeding because "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (citations omitted).

*Insufficient Evidence*

Petitioner asserts that the offense he was convicted of committing, assaulting an officer with no resulting injury, is a nonexistent offense. He further asserts he did not knowingly or intentionally initiate any physical contact with anyone.

Petitioner was accused of committing a Code 3.3 offense. The Disciplinary Rules and Procedures for Offenders describes this offense as: "Assaulting an offer, or any other person who is not an offender, without a weapon that results in a non-serious or no injury.

The offense report, which was written by Sergeant Brown, stated petitioner assaulted her by pushing her against the wall. The report further stated that the assault did not result in any injuries. As stated above, information contained in the offense report, standing alone, constitutes some evidence of guilt. In addition, however, Sergeant Brown and at least one other officer testified at the disciplinary hearing that petitioner committed the assault. The offense report and the testimony of Sergeant Brown and the other officer constituted "some evidence" of petitioner's guilt.

Petitioner states that even if he pushed Sergeant Brown as he was accused of doing, such action did not constitute a violation of institutional rules. In support of his contention that he was convicted of a nonexistent offense, petitioner cites *Morgan v. Dretke*, 433 F.3d 455 (5th Cir. 2005), which he states holds that TDCJ-CID has no authority to punish an inmate for an offense under Code 3.3 if it is not shown that the assault caused an injury.

In *Morgan*, the petitioner was accused of committing a Code 3.3 offense by assaulting an officer. At that time institutional rules provided that "assaulting an officer, or any other person who is not an offender, without a weapon, which results in a non-serious injury," constituted a Code 3.3 offense. The United States Court of Appeals for the Fifth Circuit held that as there was no evidence the officer suffered an injury as a result of the petitioner's assault, there was insufficient evidence to find that the petitioner committed a Code 3.3 offense.

However, the decision in *Morgan* is not controlling with respect to the case now before the court. As the Fifth Circuit noted in *Morgan*, institutional rules were subsequently amended to

provide that a Code 3.3 offense could occur even if the assault resulted in no injury. As a result, when the current petitioner committed his offense, an injury did not have to be proved in order to establish that a Code 3.3 offense had been committed. Petitioner was therefore not convicted of a nonexistent offense.

*Denial of Witness*

Petitioner asserts that on January 23, 2013, he told his counsel substitute that he wanted to have Officer Blanton testify as a witness on his behalf. He states his counsel substitute failed to obtain a statement from Officer Blanton. In addition, Officer Blanton did not appear to testify at the disciplinary hearing. As indicated above, Officer Blanton resigned as a correctional officer before the disciplinary hearing was held. Petitioner states Officer Blanton witnessed the incident and would have testified that he did not assault Sergeant Brown.

Petitioner acknowledges Officer Blanton was no longer employed by TDCJ-CID when his disciplinary hearing was held. As a result, it does not appear prison officials would have been in a position to compel Officer Blanton to attend the hearing and testify. As a result, it cannot be concluded petitioner was improperly denied the opportunity to call Officer Blanton to testify on his behalf. Moreover, while petitioner states he asked his counsel substitute to call Officer Blanton as a witness, he does not state the disciplinary hearing officer was ever asked to have Officer Blanton testify. The disciplinary hearing officer therefore did not deprive petitioner of due process of law.[1]

---

[1] To the extent petitioner may assert his counsel substitute was ineffective for failing to obtain a statement from Officer Blanton or failing to ask the disciplinary officer to call her to testify, such a claim would not entitle petitioner to relief. While the Sixth Amendment guarantees criminal defendants the right to effective assistance, claims based upon ineffective assistance of counsel are dependent upon there being a right to counsel with respect to a particular type of proceeding. Prison inmates have no right to counsel in connection with prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

Further, even if it were determined that petitioner was deprived of due process of law because Officer Blanton was not called to testify for him, he would still not be entitled to relief. Even if a prisoner establishes that he was denied the procedural protections guaranteed by *Wolff*, he must further establish he was prejudiced by the constitutional violation in order to obtain habeas relief. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (upholding denial of habeas relief where insufficient notice of disciplinary charge was provided because inmate failed to demonstrate prejudice); *see also Brown v. Collins*, 937 F.2d 175, 182 (5th Cir. 1991) ("Before we will issue the Great Writ, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation.").

Petitioner has provided no statement from Officer Blanton. As a result, his contention that she would have provided favorable testimony is speculative. In addition, the record reflects Sergeant Brown and another officer testified petitioner committed the assault with which he was charged. Accordingly, even if Officer Blanton had testified that petitioner did not commit the assault, there is no reason to believe the disciplinary hearing officer would have found her testimony to be more credible than that of the other two officers. As a result, there is not a reasonable probability the result of the proceeding would have been different if Officer Blanton had testified. Petitioner has therefore failed to establish prejudice.

*Procedural Violations*

As stated above, petitioner complains that institutional rules were violated because the offense report was not written until nine days after the incident. He also complains that no preliminary investigation was conducted regarding the offense.

6

As stated above, a violation of institutional rules is insufficient to establish a violation of due process. Petitioner has failed to establish he was deprived of any of the procedural protections afforded him by *Wolff*. The fact that institutional rules may not have been followed during his disciplinary proceeding therefore does not provide him with a basis for relief.

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and is therefore denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Elizalde v. Dretke*, 362 F.3d 323 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubts regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272 (5th Cir. 2000).

In this case, the petitioner has not shown that any of the issues he raised are subject to debate among jurists of reason. The factual and legal issues asserted by petitioner are not novel and have been consistently resolved adversely to his position. In addition, the issues raised are not worthy of

encouragement to proceed further.  As a result, a certificate of appealability shall not issue in this matter.

    **SIGNED** this the 27 day of **September, 2016.**

                                               _____
                                               Thad Heartfield
                                               United States District Judge